HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAYNA L. ROCKETT,<br>Plaintiff,<br>v.<br>BEN HOSSIENZADEH, *et al.*,<br>Defendants. | CASE NO. 2:25-cv-02362-RAJ<br>ORDER |

THIS MATTER comes before the Court on Defendants John Fairbanks and Ben Hossienzadeh's (the "County Defendants") Motion to Dismiss (the "Motion to Dismiss," Dkt. # 11). Plaintiff did not respond to the Motion to Dismiss on substantive grounds, instead requesting that the Court consider her Verified Motion for Order to Show Cause Why Defendants' Counsel Is Authorized to Appear (the "Show Cause Motion," Dkt. # 15). The Court denied the Show Cause Motion on August 12, 2026, and granted Plaintiff until September 2, 2026 to file a response to the Motion to Dismiss. Dkt. # 22. Plaintiff did not file any such response.

Plaintiff has now twice failed to timely file a substantive response to the County Defendants' Motion to Dismiss. A party's failure to timely oppose a motion to dismiss "may be considered . . . as an admission that the motion has merit" and may therefore be a

basis for dismissal. Local Rules W.D. Wash. 7(b)(2); *Rendon v. County of Orange*, 2022 WL 16832810, at *1 (9th Cir. Nov. 9, 2022) ("A district court's authority to dismiss a litigant's claims for failure to prosecute or to comply with court rules and orders is well-established."); *Montgomery v. Specialized Loan Servicing, LLC*, 772 F. App'x 476, 477 (9th Cir. 2019) (affirming dismissal of claims where "plaintiffs failed to respond to the arguments raised in defendants' motion to dismiss [the] claims"). Prior to dismissal, however, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (internal quotation marks omitted).

"There is a significant public interest in the speedy and efficient resolution of litigation and 'delay in reaching the merits . . . is costly in money, memory, manageability, and confidence in the process.'" *Hewitt v. Wells Fargo Bank*, 2022 WL 17144728, at *2 (W.D. Wash. Nov. 22, 2022) (quoting *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006)). Additionally, the Court's limited resources "are best spent on cases with a strong chance of resulting in relief." *Solorio v. Garland*, 2021 WL 5967939, at *1 (W.D. Wash. Dec. 1, 2021). Plaintiff's repeated failure to respond to the Motion to Dismiss indicates "a lack of belief in [the] merits" of this case. *Id.* The first two *Ghazali* factors therefore favor dismissal.

As to the third factor, "[t]here is a presumption that any unreasonable delay is prejudicial," and while Plaintiff may rebut this presumption by "offering a reasonable justification for the delay," Plaintiff has failed to do so here. *Hewitt*, 2022 WL 17144728, at *2 (citations omitted). Accordingly, this factor also favors dismissal.

While public policy favors disposition of cases on their merits, "that objective can only be achieved if plaintiff elects to cooperate in the process." *Lambert v. Aston*, No.

C17-1792-RAJ-JPD, 2018 WL 6517556, at *3 (W.D. Wash. Nov. 13, 2018), *report and recommendation adopted*, No. C17-1792-RAJ, 2018 WL 6505430 (W.D. Wash. Dec. 10, 2018). This factor therefore "lends little support" to a party "whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine*, 460 F.3d at 1228 (internal quotation marks omitted). Accordingly, the fourth *Ghazali* factor is neutral.

Finally, the fifth *Ghazali* factor favors dismissal as the Court is not aware of a sanction less drastic than dismissal without prejudice, given that Plaintiff "appears to no longer be prosecuting this action." *Coleman v. Brand*, No. 3:23-CV-06135-DGE, 2024 WL 3326369, at *1 (W.D. Wash. July 8, 2024), *reconsideration denied*, No. 3:23-CV-06135-DGE, 2024 WL 3346230 (W.D. Wash. July 9, 2024).

Because all but one of the *Ghazali* factors warrant dismissal, the Court **GRANTS** the Motion to Dismiss. Dkt. # 11. This action is **DISMISSED** without prejudice.

Dated this 4th day of September, 2026.

The Honorable Richard A. Jones
United States District Judge